UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, S'

2006 JUN 19 P 2: 32

Kenneth Jarvis Prescott,               )    C/A No. 2:05-2846-GRA-RSC
#069687,                               )
                                       )
                Petitioner,            )
                                       )
        -versus-                       )    **REPORT AND RECOMMENDATION**
                                       )
State of South Carolina;               )
Attorney General for South             )
Carolina,                              )
                                       )
                Respondents.           )

This habeas corpus petition under 28 U.S.C. § 2254 filed July 21, 2005, by a state prisoner proceeding pro se is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on December 9, 2005. 28 U.S.C. § 636(b).

### PROCEDURAL HISTORY

The petitioner, Kenneth Jarvis Prescott, is presently confined in Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections, pursuant to commitment orders from the Lexington County Clerk of Court. The Lexington County Grand Jury indicted him at the May 1995 term of court for two counts of armed robbery, two counts of possession of a firearm or knife during the commission of or attempt to commit a violent crime, two counts of criminal conspiracy, and two counts of kidnaping (95-GS-32-1266). App. pp. 10-11. Frank A. Barton, Esquire, represented Prescott on these charges.

1

On September 5-7, 1995, Petitioner received a jury trial before the Honorable Marc H. Westbrook.  The State elected to proceed only on one count of robbery, one count of criminal conspiracy and two counts of kidnaping. App. pp. 9.  The jury found Petitioner guilty of robbery and Judge Westbrook declared a mistrial on the charge of criminal conspiracy and the two counts of kidnaping.  Judge Westbrook sentenced Petitioner to fifteen years imprisonment.  App. pp. 1-433. (These offenses are hereinafter referred to as first trial or first charges).

Petitioner served and filed a timely Notice of Appeal. Assistant Appellate Defender M. Anne Pearce of the South Carolina Office of Appellate Defense represented him on appeal.  Pearce filed a Final Anders[1] Brief of Appellant and Petition to be Relieved as Counsel on September 25, 1996, in which the following issue was presented on Petitioner's behalf:  "Whether the trial judge erred in admitting a police officer's testimony based on hearsay."  App. pp. 437-47.

Petitioner then filed a Notice to the Court in response to the Anders Brief on October 9, 1996, in which he presented the following issue:  "The Appellant was indicted and tried under an eight (8) count indictment 95-GS-32-1266; the state improperly joined all offenses allegedly stemming from the November - 1994 robbery and the December - 1994 robbery under the same

---

[1] See, Anders v. California, 386 U.S. 738 (1967).

indictment." Notice to the Court p. 1. The South Carolina Court of Appeals dismissed the Appeal in an unpublished opinion dated February 6, 1997. State v. Prescott, 97-UP-107 (S.C. Ct. App., filed February 6, 1997). App. pp. 448-49. The South Carolina Court of Appeals sent the Remittitur to the Lexington County Clerk of Court on February 24, 1997.

After the first trial, the State amended the indictment and proceeded to a bench trial before Judge Westbrook on November 14-15, 1995, on charges of strong armed robbery and criminal conspiracy. App. II pp. 18-19. Petitioner changed his plea to guilty on strong armed robbery and Judge Westbrook sentenced him to fifteen years imprisonment, consecutive. The State nol prossed the remaining charges. App. II. pp. 1-43. (Hereinafter referred to as second trial or second charges). Petitioner did not appeal his plea or sentence.

Petitioner filed an Application for Post-Conviction Relief (PCR) (97-CP-32-0808) on the first charges on March 12, 1997. He alleged the following grounds for relief in his Application:

> 1. Ineffective Assistance of Counsel;
>
> 2. Violation of Constitutional rights (5th, 6th & 14th);
>
> 3. Prosecutorial Misconduct;
>
> 4. Judicial Misconduct; and
>
> 5. Denied Due Process of Law as well as Equal Protection of Law.

3

App. pp. 450-54.

Petitioner filed an Amended and Supplemental PCR Application in 97-CP-32-0808 (the first charges) on April 16, 1997, in which he raised the following grounds for relief:

> 1. Joinder of charges of two (2) separate offenses which allegedly happened in November and December, which were not in substance a single chain of circumstances;
>
> 2. Trial court was in error when it allowed the state's attorney to amend the indictment from "armed robbery" to "robbery" – on the very day of trial. It was a question for the jury to determine whether the "greater" or "lesser" offense was committed;
>
> 3. Trial court was in error for allowing state's attorney to amend indictment in order to "upgrade" the criminal conspiracy charge, from conspiracy to commit robbery, to criminal conspiracy to commit robbery and kidnaping;
>
> 4. Trial court was in error for trying applicant for "kidnaping" after state's attorney amended the indictment from that of "armed robbery" to the lesser included offense of "common law robbery." Trial court lacked subject matter jurisdiction to try applicant for "kidnaping", applicant's trial for "kidnaping" was judicially improper;
>
> 5. On "hearsay" issue appellate defender was ineffective for filing an <u>Anders</u> Brief with the Supreme Court;
>
> 6. Did the lower court err in allowing testimony of another alleged crime as prior bad acts where the applicant had not placed his character in issue and where the evidence in question was not relevant to any of the recognized exceptions to the prohibition against the admission of character evidence;
>
> 7. Trial court was in error for bringing in evidence from an alleged latter act;

4

8. State's attorney introduced into applicant's trial...Evidence that was never proven or linked to the applicant;

9. Trial court was in error for allowing state's attorney to introduce evidence in closing argument that was not introduced at trial;

10. Did the trial judge err in his instructions to the jury on merits of reasonable doubt;

App. pp. 520-70.

On November 5, 1997, Petitioner filed another Motion to Amend PCR application 97-CP-32-0808 (the first charges) through attorney Hervery B. O. Young, Esquire, in which he alleged the following grounds for relief:

1. Applicant's trial attorney was ineffective for not having Lyle evidence "strickly (sic) scrutinized." And ineffective for not requesting a limiting instruction concerning specific purpose for which evidence was being presented at trial by the prosecution;

2. The applicant contends trial counsel was ineffective; applicant will show that trial counsel was ineffective and trial counsel's performance was deficient . . .;

App. pp. 571-96.

Petitioner filed an Application for Post-Conviction Relief (PCR) (96-CP-32-0917) for the second charges on April 18, 1996. He alleged the following grounds for relief in his Application:

1. Counsel's erroneous advice as to witnesses;

2. Double Jeopardy;

3. Counsel's failure to properly advise Applicant as to applicable law before plea render and/or

5

deprived Applicant of Effective Assistant (sic) of counsel.

4.  Applicant plea was barred by the South Carolina Constitution and the United States Constitution.

App. II, pp. 53-57.

The State made its Return and Motion to Dismiss on July 29, 1996. App. II, 58-59. It made its Supplemental Return on December 19, 1996.

The two PCR cases, 97-CP-32-0808 (the first charges) and 96-CP-32-0917 (the second charges), were joined for purposes of an evidentiary hearing. The Honorable James W. Johnson, Jr. held an evidentiary hearing into the matter on February 27, 1998, at the Lexington County Courthouse, at which Petitioner was present represented by Young. Petitioner testified in support of his Application and the State presented testimony of trial counsel Barton. App. pp. 460-511; App. II pp. 61-112.

Judge Johnson dismissed the Application in 97-CP-32-0808 (the first charges) by his Order of Dismissal dated May 11, 1998. App. pp. 512-19. That Order addressed Petitioner's allegations that trial counsel provided ineffective assistance of counsel by: (1) failing to object to evidence regarding the second robbery; (2) failing to move to sever the charges; (3) failing to object to amendment of the indictment, so as to change "conspiracy to commit robbery" to "conspiracy to commit robbery and kidnapping;" (4) failing to object to the State trying Petitioner for

6

kidnaping at gunpoint; (5) failing to object to the Solicitor's closing argument; and (6) failing to object to the trial court's instructions as to the other robbery. App. 512-17. The Order stated that "any and all other allegations raised in the application and at the hearing, not specifically addressed in this Order," were waived by Petitioner's failure to meet his burden of Proof." App. 517.

Judge Johnson also dismissed the Application in 96-CP-32-0917 (the second charges) in a separate Order of Dismissal on the same day as the first order, May 11, 1998. App. II pp. 113-17. This Order addressed Petitioner's allegations that trial counsel provided ineffective assistance of counsel by: (1) leading him to believe that he would receive a probationary sentence; and (2) failing to secure the presence of witnesses. The Order likewise addressed his allegations that (3) there was a double jeopardy violation; (4) his plea was invalid because the same trial judge presided over both his trial and his plea; and (5) his plea was involuntary because he went to court expecting a trial but his witnesses were not present.

A timely notice of appeal was served and filed in both PCR cases. Assistant Appellate Defender Melody J. Brown of the South Carolina Office of Appellate Defense represented Petitioner in the appellate proceedings stemming from PCR action 96-CP-32-0917 (the second charges). On January 13, 1999, Petitioner filed a

7

Petition for Writ of Certiorari which presented one issue:   "Did the post conviction relief hearing judge err in dismissing Petitioner's double jeopardy issue?"  R. pp. 160-69.   The State filed a Return to Petition for Writ of Certiorari on March 30, 1999.  R. pp. 170-78.  The South Carolina Supreme Court filed an Order on December 14, 1999, in which it denied certiorari.   The South Carolina Supreme Court sent the Remittitur to the Lexington County Clerk of Court on December 31, 1999.

Assistant Appellate Defender Wanda H. Haile of the South Carolina Office of Appellate Defense represented Petitioner in collateral appellate proceedings stemming from PCR action 97-CP-32-0808 (the first charges).  On January 15, 1999, Petitioner filed a <u>Johnson</u> Petition for Writ of Certiorari which presented one issue:  Was trial counsel ineffective in failing to object to evidence of a "prior" robbery petitioner allegedly committed during his robbery trial?  Johnson Petition p. 2.  The Petitioner then filed a <u>pro se</u> Petition in which he presented the following issues:

> 1.  Was trial counsel ineffective in failing to object to Lyle evidence of alleged "prior bad acts" which allegedly occurred on December 17, 1994, as evidence of a common scheme or plan and identification?
>
> 2.  Was trial counsel ineffective in failing to request trial court give limiting instructions as to the Lyle evidence?
>
> 3.  Was trial counsel ineffective in not objecting to improper joinder of charges by the state?

4.  Was trial counsel ineffective in not objecting
to the state amending the indictment to include an
added charge which had not gone before the grand
jury and true billed?

5.  Was trial counsel ineffective in failing to
object to erroneous improper jury instructions by
the trial court?

The South Carolina Supreme Court filed an Order on January
6, 2000, in which it denied certiorari.  The South Carolina
Supreme Court sent the Remittitur to the Lexington County Clerk
of Court on January 27, 2000.

On March 20, 2000, Petitioner then filed a Petition for Writ
of Habeas Corpus in the Circuit Court regarding the second
charges, 2000-CP-32-0878, in which he alleged the following
claims:  "1. Double Jeopardy, 2. Subject Matter Jurisdiction, 3.
Subsequent Proceeding and Sentence Illegal."  R. pp. 180-210.

The Honorable J. C. Nicholson, Jr. held a hearing into the
matter on June 14, 2001, at the Lexington County Courthouse at
which Petitioner appeared pro se.  R. pp. 214-34.  Judge
Nicholson signed an Order of Dismissal on July 31, 2001, finding
that "the allegations raised by the petitioner are cognizable
under the Uniform Post Conviction Procedure Act" and denying the
Writ of Habeas Corpus because, "a person is procedurally barred
from petitioning the circuit court for a writ of habeas corpus
where the matter alleged is one which could have been raised in a
PCR application ... and if a person is procedurally barred, his
only means of obtaining state habeas corpus relief is to file a

9

petition in the original jurisdiction of the Supreme Court. S.C. Const. Art. V, §5". R. pp. 235-37.

A timely notice of appeal was served and filed. Assistant Appellate Defender Aileen P. Clare of the South Carolina Office of Appellate Defense represented Petitioner in collateral appellate proceedings stemming from the denial of state habeas corpus. On February 4, 2002, Clare filed an Anders Brief of Appellant which presented the following question: Did the lower court improperly dismiss appellant's habeas corpus petition on procedural grounds without first construing it as an application for post-conviction relief? Anders Brief at p. 3. Petitioner then filed a "Reply to the Anders Brief" on February 21, 2002, in which he raised three further issues:

> 1. Whether the lower court erred in failing to address the issues of subject matter jurisdiction, which was before the court?
>
> 2. Whether the lower court erred in failing to address the issues of double jeopardy, which was before the court?
>
> 3. Whether the lower court erred in failing to make specific findings of fact and conclusions of law as to each issue raised at habeas corpus hearing thereon?

However, on April 11, 2002, Petitioner made a motion to withdraw the appeal from denial of habeas corpus relief, and on May 7, 2002, he signed an Affidavit also indicating that he wished the withdraw the appeal. The South Carolina Supreme Court

issued an Order of Dismissal and sent the Remittitur to the lower court on May 14, 2002.

On July 9, 2002, Petitioner filed another PCR Application (2002-CP-32-2433) directed at the second charges in which he made the following allegations:

> 1.  Trial counsel was ineffective;
>
> 2.  Circuit Court lacked jurisdiction to accept Applicant's plea of guilty;
>
> 3.  Circuit court lacked jurisdiction to imposed sentence; and
> 4. Trial counsel ineffective in coercing applicant to plead.

On November 11, 2002, Petitioner amended this application to include the following grounds for relief:

> 1.  The State of South Carolina lacked subject matter jurisdiction to withhold jail time from November 15, 1995, conviction and sentence of application from single indictment.
>
> 2.  Trial counsel was ineffective in not advising the court that the jail time was only being applied top the September 7, 1995 conviction, and such jail time should have been applied to the November 1995 conviction as well.

The State made its Return and Motion to Dismiss on June 23, 2003.

On September 16, 2003, Petitioner filed yet another PCR Application (2003-CP-32-3497) challenging his conviction on the second charges, in which he alleged the following ground for relief:  "Trial counsel was ineffective in failing to advise the circuit court that the state failed to apply jail time to

11

November 1995 conviction, as the circuit court lack subject matter jurisdiction to withhold required jail time; as the circuit court was without jurisdiction to impose sentence of accept guilty plea - November - 1995." The State filed a motion for merger of PCR actions 2002-CP-32-2433 and 2003-CP-32-3497. The cases were merged by an Order dated June 11, 2004.

A hearing was held into the matter on January 11, 2005, at the Richland County Courthouse before the Honorable Alison Renee Lee at which the petitioner was represented by David Farrell, Esquire. Judge Lee signed an Order of Dismissal on March 31, 2005, denying the PCR Application. Judge Lee found that all grounds for relief, except Petitioner's contention that the court lacked subject matter jurisdiction to accept his guilty plea, were barred by the statute of limitations governing PCR actions, S.C. Code Ann. § 17-27-45(A) (Supp. 2005), and barred as successive under S.C. Code Ann. § 17-27-90 (1985) and Aice v. State, 409 S.E.2d 392 (S.C. 1991), and that the petitioner failed to carry his burden to show a lack of subject matter jurisdiction to accept his guilty plea.

Petitioner submitted a pro se "Motion For Reconsideration By Petitioner Pursuant to SCRCP 59(e), 60, (B), (1)". Assistant Attorney General Bax wrote the Lexington County Clerk of Court on April 22, 2005, and indicated that the State did not consider the

<u>pro</u> <u>se</u> motion to be part of the action because not submitted by
counsel, as required by Rule 11, SCRCP 4.

Petitioner timely served and filed a notice of appeal to the
South Carolina Court of Appeals.  Petitioner wrote the South
Carolina Court of Appeals and informed it of the previously
submitted Rule 59(e) motion.  The Clerk of the South Carolina
Court of Appeals wrote Petitioner's attorney, Farrell, and
informed him that because,

> the order of the circuit court determined that
> this action is barred as being successive and as
> being untimely under the statute of limitations,
> Rule 227(c), SCACR, requires you to provide a
> written explanation as to why this determination
> was improper.  This explanation must contain
> sufficient facts, argument and citation to legal
> authority to show that there is an arguable basis
> for asserting that the determination by the lower
> court was improper.  The failure to make a
> sufficient showing may result in dismissal of this
> matter.

Counsel was directed to file a response within fifteen days.
Counsel's attention was directed to the South Carolina Supreme
Court's then-recent decision in <u>State v. Gentry</u>, 363 S.C. 93, 610
S.E.2d 494 (2005) ("subject matter jurisdiction is the power of a
court to hear and determine cases of the general class to which
the proceedings in question belong" and that "[c]ircuit courts
obviously have subject matter jurisdiction to try criminal
matters").

In a one page Order filed on May 11, 2005, jurisdiction over
the matter was transferred to the South Carolina Supreme Court,

13

since it was a case within that Court's exclusive jurisdiction.

The South Carolina Supreme Court then entered an Order, dated May 27, 2005, in which it dismissed the appeal without prejudice, based upon the pending Rule 59(e) motion.  However, on July 29, 2005, the Court filed yet another Order, in which it dismissed the action under Rule 227(c), SCACR, because Petitioner's explanation, that he was raising an alleged lack of subject matter jurisdiction, was insufficient to show why the lower court's determination was improper in light of <u>Gentry</u>.  The South Carolina Supreme Court sent the Remittitur to the Lexington County Clerk of Court on July 15, 2005.

The following exhibits have been made part of the record here:

> 1.  The Appendix to the Johnson Petition for Writ of Certiorari (2 vol.) (including transcript of Petitioner's September 1995 trial; the Anders Brief of Appellant; SC Ct. App. Opinion No. 97-UP-107; the PCR Application (97-CP-32-0808); the Return; the PCR hearing transcript; the Order of Dismissal; the Richland County Clerk of Court's records; and Petitioner's SCDC records);
>
> 2.  The Appendix from the Petition for Writ of Certiorari (App. II) (1 vol.) (including transcript of Petitioner's November 1995 trial; the PCR Application (96-CP-32-0917); the Return; the PCR hearing transcript; and the Order of Dismissal);
>
> 3.  The Record on Appeal (1 vol.) (including PCR Application (96-CP-32-0917); the Motion to Amend APCR; the second Motion to Amend APCR; the Return; the PCR hearing transcript; the Order of Dismissal; the Petition for Writ of Certiorari; the Return to Petition for Writ of Certiorari; the

14

Order denying certiorari; the Petition for Writ of
Habeas Corpus; the second Petition for Writ of
Habeas Corpus; the Return and Motion to Dismiss;
the state habeas hearing transcript; the Order of
Dismissal; the Richland County Clerk of Court's
records; and Petitioner's SCDC records);

4.   The Remittitur from the direct appeal;

5.   The September 25, 1996 Final Anders Brief of
Appellant;

6.   The Supplemental PCR Return for 96-CP-32-0917;

7.   The Remittitur from the PCR Appeal for
96-CP-32-0917;

8.   The Johnson Petition for Writ of Certiorari
for PCR Appeal 97-CP-32-0808;

9.   The Pro Se Petition for Writ of Certiorari for
PCR Appeal 97-CP-32-0808;

10.  The Order denying Certiorari for PCR Appeal
97-CP-32-0808;

11.  The Remittitur for PCR Appeal 97-CP-32-808;

12.  The February 4, 2002, Anders Brief of
Appellant;

13.  The Appellant's Reply to Initial Anders
Brief;

14.  The Petitioner's Motion to Withdraw Appeal;

15.  The Affidavit of Petitioner;

16.  The May 14, 2002, Order of Dismissal and
Remittitur;

17.  The PCR Application for 02-CP-32-2433;
18.  The PCR Application for 03-CP-32-3497;

19.  The Amended PCR Application for
02-CP-32-2433;

20.  The Return to PCR Application for
02-CP-32-2433;

21.  The Order for Merger for PCR cases
02-CP-32-2433 and 03-CP-32-3497;

22.  The Order of Dismissal for PCR 02-CP-32-2433;

23.  The April 19, 2005 Motion for
Reconsideration;

24.  The April 22, 2005 Letter to clerk of court
regarding Motion for Reconsideration;

25.  The May 11, 2005 Order transferring action to
state supreme court;

26.  The May 11, 2005 Letter from state supreme
court to Petitioner's counsel;

27.  The May 12, 2005 Letter to Clerk of Court
from Petitioner;

28.  The May 16, 2005 Letter to Petitioner's
counsel regarding Petitioner's letter;

29.  The May 27, 2005 Order dismissing the appeal;

30.  The June 14, 2005 Notice of Appeal;

31.  The June 14, 2005 Remittitur;

32.  The June 29, 2005 Order dismissing the
appeal; and

33.  The July 15, 2005 Remittitur.

The petitioner filed the instant petition for a writ of
habeas corpus under 28 U.S.C. § 2254 on November 18, 2005, and
presented the following grounds for relief:

GROUND ONE:  Circuit Court lack subject matter
jurisdiction to accept petitioner's plea of guilty

SUPPORTING FACTS:  Petitioner was indicted
under an eight count indictment (95-GS-32-1226).

16

The state called the indictment for trial September - 1995, on four counts of the eight count indictment, thereby nol-prossing the remaining four counts.  The petitioner was found guilty before a jury.  The state reopened indictment 1266 November - 1995, and Petitioner was sentenced to 15 consecutive on the nol-prossed charges without being re-indicted.

GROUND TWO:  The state was in error for re-opening indictment (1266) to try nol-prossed charges.

SUPPORTING FACTS:  After Petitioner's jury trial from indictment . . . (September-1995), the state re-opened the indictment . . . for a second prosecution, and prosecuted the petitioner on nol-prossed charges without re-indictment.

In Petitioner's Memorandum in Support of this Petition for Writ of Habeas Corpus, he raised four issues:

ISSUE #1:  The Plaintiff contends the South Carolina Supreme Court's decision to bar Plaintiff's direct appeal from the denial of post conviction relief is in error.

ISSUE #2:  The Plaintiff in this matter contends the common pleas court was in error in deeming Plaintiff's post conviction relief action was barred as being successive, and beyond the statute of limitations.  The Plaintiff asserts the court of common pleas' ruling was in error.

ISSUE #3:  The Plaintiff contends the circuit court of November 14 & 15, 1995, was not vested with jurisdiction to preside over the proceedings, nor sentence the plaintiff . . . the said indictment was void and no longer in force after the . . . conclusion of trial September - 1995.

ISSUE #4:  The Plaintiff further asserts the circuit court of November 14 & 15, 1995, did not have jurisdiction over indictment . . . and the circuit court was not vested with jurisdiction over the proceedings . . because the Plaintiff's charges were nol prossed at the September 5-7,

17

> 1995, trial . . . after the state made its
> election from the said indictment.

The petitioner was provided a copy of the respondents' summary judgment motion on December 13, 2005, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  On December 21, 2006, Petitioner moved for more time in which to respond to the respondents' summary judgment motion and the Roseboro order, and on January 9, 2006, Petitioner was given another thirty four (34) days, until February 13, 2006, to respond to the motion and order.  The petitioner again did not timely respond and as a result an order was entered on February 16, 2006, directing that he respond within ten (10) days or risk having the action dismissed for failure to prosecute.  The petitioner responded on February 24, 2006, and claimed that he never received the January 9, 2006, order.[2]  Hence it appears consideration of the motion

---

[2]  The petitioner noted that he "should not be held liable for an order or motion this court has alleged to have been filed" and that the Turbeville Mail room "advised and will verify" that it never received the order.  No verification has been filed and Petitioner has not responded to the summary judgment motion despite the fact that he admits he received two court orders to do so.  Nonetheless, the court does not recommend dismissal for refusal to prosecute the action or failure to obey repeated court orders.

18

is appropriate.

## DISCUSSION

Dispositive of this entire habeas corpus petition is the respondent's correct contention that Prescott's § 2254 petition is untimely.  Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

For prisoners like Prescott whose convictions became final prior to the effective date of the AEDPA, the one year period did not begin to run on the date his conviction became final, but instead by the effective date of the AEDPA, April 24, 1996.  See,

19

Hernandez v. Caldwell, 225 F.3d 435, 437-38 (4th Cir. 2000).  At
that time, Prescott had a properly filed PCR pending in the state
court which ended on December 31, 1999, when the South Carolina
Supreme Court filed the Remitteur from its denial of a writ of
certiorari from the circuit court's denial of the PCR
application.  Prescott had one year from December 31, 1999, to
file a § 2254 petition.  He did not do so and is time-barred here
as a result.

     The running of the one year period is suspended for the time
"a properly filed state post-conviction proceeding is pending."
The Fourth Circuit has construed a "state post-conviction
proceeding" to include all state-court proceedings from initial
filing in the trial court to final disposition by the highest
state court.  Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

     The respondent is correct in its assertion that Prescott's
futile attempt to bring a state habeas corpus action in the wrong
court on March 20, 2000, did not toll the running of the AEDPA
statute of limitations.  The March 20, 2000, petition was filed
in the South Carolina Court of Common Pleas for the Eleventh
Judicial Circuit.  That court dismissed Petitioner's petition on
July 31, 2000, because it had no jurisdiction to hear a Petition
for a Writ of Habeas Corpus.

     A state application is "properly filed," for purposes of
calculating time under the AEDPA, if it complies with state

20

procedural requirements such as timeliness and proper place of filing. See, Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000)("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings ... for example, the form of the document, the time limits on its delivery, the court and office in which it must be lodged, and the requisite filing fee.") McSheffrey v. Angelone, 172 F.3d 863 (4th Cir. 1999).

South Carolina law requires that a petition for writ of habeas corpus be filed with the South Carolina Supreme Court. The availability of habeas corpus was severely limited in South Carolina by the Uniform Post Conviction Procedure Act, S.C.Code Ann. §§ 17-27-10 to 17-27-120(UPCPA). While the UPCPA supersedes and encompasses the habeas corpus procedure provided by statute, habeas is available still as a constitutional remedy in extraordinary circumstances. See, Gibson v. State, 329 S.C. 37, 495 S.E.2d 426, 428 (S.C. 1998). A petitioner must "qualif[y] for this extraordinary relief and clear the procedural hurdles." Id. Habeas corpus is available only when all other remedies are inadequate or unavailable and a matter which is cognizable under the UPCPA "may not be raised by a petition for a writ of habeas corpus before the circuit or other lower courts." Simpson v. State, 329 S.C. 43, 495 S.E.2d 429, 431 (S.C. 1998). Only the South Carolina Supreme Court has jurisdiction to entertain state

21

petitions for writs of habeas corpus.   Because Petitioner filed his petition for the writ in the South Carolina Court of Common Pleas, the application for post-conviction relief was not properly filed under the AEDPA and did not suspend the running of the year time period.   Petitioner untimely filed the instant petition almost five years after his statute ran on December 31, 2000, and the matter should be dismissed on that basis.

<u>**CONCLUSION**</u>

Accordingly, because Petitioner has failed to file his Petition within the time period allowed under the AEDPA, it is recommended that the instant petition be dismissed and all other motions be deemed moot.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

June 19, 2006

22

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
The ***Serious Consequences*** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify*** the portions of the Report and Recommendation to which objections are made **and the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**